IN THE DISTRICT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

* * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CRIM. NO. 2017-28 |
| | ) | |
| LUIS RIJOS SANTANA, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW Defendant, LUIS RIJOS SANTANA, by and through his counsel, Gabriel Villegas, Assistant Federal Public Defender, and respectfully requests that this Honorable Court consider this sentencing memorandum in granting Mr. Santana a minimum sentence. Mr. Santana pled guilty to conspiring to possess with the intent to distribute cocaine pursuant to a plea agreement presented before the Magistrate Court on July 19, 2017, and accepted by the District Court on August 9, 2017. Mr. Santana does not have a sentencing date scheduled.

The U.S. Office of Probation (hereinafter "Probation") used §2D1.1 of the United States Sentencing Guidelines to determine Mr. Santana's guideline range of one hundred and fifty-one (151) months to one hundred and eighty-eight months (188) months in its July 28, 2017 Presentence Report (hereinafter "PSR"). The PSR appears to be correct and Mr. Santana has no objections to the

1

calculations. He been detained since his arrest on March 15, 2017. According to Probation, Mr. Santana's total offense level is thirty-one (31), he has a criminal history score of eight (8), and is in a criminal history category of four (4). He falls within Zone D of the Sentencing Table and is not otherwise eligible for alternative sentences. He will likely be deported to the Dominican Republic after he completes his sentence. A sentence of one hundred and fifty one months will meet the mandates of §3553(a). Mr. Santana offers the following for the Court's consideration:

I. **Mr. Santana's History and Characteristics**

Mr. Santana's fifty (50) years on this earth have been filled with extreme poverty and false opportunities. He was born in San Felipe de Villa Mella near Santo Domingo, Dominican Republic. He was raised with his siblings by a single mother in an impoverished area and has few fond memories of childhood. As a child his only remembers having to work to make money to help his family. His father abandoned the family and he eventually went to live with family friends. Mr. Santana had little or no schooling and no one ever provided an opportunity for him to complete a formal education. He has worked as a fisherman and construction laborer for most of his life. His first "opportunity" arose when he decided to illegally enter the United States and work in Puerto Rico. Despite his best efforts, he was unable to find consistent work and in total desperation picked up his first felony drug conviction in 2003 which resulted in his deportation. When he

returned to the Dominican Republic, the labor market had not changed which forced him to reenter the United States illegally. The average annual minimum wage remains around $1,400 USD in the Dominican Republic. Mr. Santana was also under tremendous pressure to provide for his seven year old son. He was then offered the "opportunity" to make $50,000 USD by becoming involved in the current case. He had never received such an "opportunity" before. It was impossible for him to say "no".

## II. Sentencing Factors

In <u>Beckles v. United States</u>, 137 S.Ct. 886 (2017), <u>Rita v. United States</u>, 127 S.Ct. 2456 (2007), <u>Kimbrough v. United States</u>, 128 S.Ct. 558 (2007) and <u>Gall v. United States</u>, 128 S.Ct 586 (2007), the Supreme Court made it clear that 18 U.S.C. § 3553(a) is the controlling sentencing law and rejected the devices that were used after *Booker* to maintain a *de facto* mandatory United States Sentencing Guideline system. An examination of 18 U.S.C. § 3553(a) is still appropriate. As set forth in <u>Rita</u>, this Court must engage in a classic guidelines and departure analysis followed by an exhaustive review of the section 3553(a) factors. In determining that the sentence is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]" a district court must not apply a presumption of reasonableness to the calculated guideline range, but rather "must . . . consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify,

3

the crime and the punishment to ensue." Rita v. U.S. at 355 (Stevens, J., concurring) (quoting Koon v. United States, 518 U.S. 81, 113 (1996)).

Title 18 United States Code, Section 3553 provides that in imposing a sentence, the Court must consider (1) the nature and circumstances of the offense and the history and characteristics of the Defendant; and (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense; afford adequate deterrence, protect the public, and to rehabilitate the offender. See 18 U.S.C. § 3553.

Accordingly, Mr. Santana submits that a minimum sentence under the guidelines will result in a sentence that is not greater than necessary to comply with the purposes of sentencing and asks for such a period of time to be imposed.

### III. Nature and Circumstances of the Offense

On March 15, 2017, the U.S. Coast Guard was on a routine patrol along the north coast of Puerto Rico when Mr. Santana and two other defendants were observed operating a vessel without lights. The vessel failed to yield to the Coast Guard. The Coast Guard eventually took control of the vessel and seized 909 kilograms of cocaine onboard. Mr. Santana admitted his involvement to law enforcement at the time of his arrest and provided details about the payment he was to receive in exchange for his participation. He timely accepted responsibility for his conduct pursuant to a

4

plea agreement and provided a thorough remorseful statement in accepting responsibility.  *See* PSR, Paragraph 5-6.

**IV.  Conclusion**

Mr. Santana is a fifty year old, uneducated, Dominican man consumed with a life time of poverty and false opportunities.  He stands convicted of a crime by his own admission which has a minimum guideline range of one hundred and fifty one (151) months.  Such a long, harsh sentence will more than adequately achieve the purpose of sentencing and is therefore appropriate under these circumstances.

<br>

Respectfully submitted,

OMODARE JUPITER
FEDERAL PUBLIC DEFENDER

s/ Gabriel Villegas
Asst Federal Public Defender
1336 Beltjen Road, Suite 202
St. Thomas, VI  00802
Tel: (340)774-4449 ext. 102
Gabriel_Villegas@fd.org

**CERTIFICATE OF SERVICE**

I, HEREBY CERTIFY that on the 10th day of January, 2018, I electronically filed the foregoing *Defendant's Sentencing Memorandum* with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Alphonso Andrews, Esq.
United States Attorney's Office
1108 King Street, Suite 21
Christiansted, VI 00820-4951
Tel: 340-773-3920
Fax: 340-773-1407
Email: Alphonso.Andrews@usdoj.gov


    /s/ Gabriel Villegas