# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 2017-28 |
| Plaintiff, | ) | |
| vs. | ) | |
| LUIS RIJOS SANTANA, | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, through its attorney, Joycelyn Hewlett, United States Attorney, and the undersigned Assistant United States Attorney, hereby file the following sentencing memorandum. Defendant and two co-defendants possessed some 909 kilograms of cocaine on board a vessel in international waters near the island of Puerto Rico. In light of his conduct and for the reasons provided below, the Government recommends the imposition of a low-end Guideline sentence of incarceration.

## BACKGROUND

Defendant has been convicted by plea of one count of **possession of controlled substance on board a vessel**. His conviction stems from his participation in the transportation of cocaine across international waters.

On March 15, 2017, at approximately 9:23 pm. while on routine patrol along the north coast of Puerto Rico, U.S. Coast Guard Cutter (CGC) Richard Dixon,

along with the assistance of the U.S. Customs and Border Protection, located a target of interest (TOI) approximately 58 nautical miles (NM) north of Fajardo, Puerto Rico in international waters. The vessel was operating without lights (at 9:20 p.m.) and Defendant and two co-defendants were observed on board along with suspicious packages. The USCGC Dixon attempted to intercept the vessel, however, it did not yield and individuals on board were observed discarding small items consistent with electronics over the side. At approximately 11:28 pm, the Dixon boarding team gained positive control of the vessel. The boarding team located and seized 45 bales and a black plastic bag (containing 4 kilo sized packages) of suspected contraband onboard. Laboratory testing confirmed that the substance was cocaine hydrochloride weighing 909 kilograms. During a post-arrest interview, Defendant admitted to law enforcement that he was offered an opportunity to earn $50,000 and that he participated in an at-sea transfer of drugs.

## SENTENCE ANALYSIS

A) Statutory Provisions

Defendant's offense of conviction carries a sentence of **zero to twenty years** incarceration. 21 U.S.C. § 960(b)(3).

B) <u>Sentencing Guidelines</u>

After <u>United States v. Booker</u>, 543 U.S. 220 (2005), sentencing, regarding federal violations of federal law, involves a three-step process: (1) "district courts are to calculate a defendant's sentencing Guidelines range precisely as they would have before pre-<u>Booker</u>"; (2) courts must formally rule on any departure motions "and state on the record whether they were granting a departure and, if so, how such a departure affects the initial Guidelines calculation"; and (3) courts "are required to exercise their discretion by considering the relevant 18 U.S.C. §3553(a) factors in setting their sentences, regardless of whether it varies from the original calculation." <u>United States v. Fumo</u>, 655 F.3d 288, 329 (3d Cir. 2011); <u>accord</u> <u>United States v. Goff</u>, 501 F.3d 250, 254 (3d Cir. 2007).

1. <u>The Advisory Guideline Range Is 151 to 188 Months</u>

With respect to the advisory guideline range (or advisory guideline sentence) "[C]ourts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker." <u>United States v. Grier</u>, 475 F.3d 556, 608 (3d Cir. 2007) (en banc) (internal quotation marks omitted). The Court must expressly rule on "'any disputed portion of the presentence report or other controverted matter ... or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.'" <u>United States v. Leahy</u>, 445 F.3d 634, 663 (3d Cir. 2006), <u>quoting</u>

Fed. R. Crim. P. 32(i)(3)(B). "[A]s before Booker, the standard of proof under the guidelines for sentencing facts continues to be preponderance of the evidence." United States v. Ali, 508 F.3d 136, 143-46, 155 (3d Cir. 2007) (internal quotation marks omitted).

Here, the Office of Probation calculated Defendants total offense level at 31 after considering a base level of 34, a two-level role adjustment, a two-level increase for special skill and Defendant's acceptance of responsibility. This results in a range of 151 to 188 months of incarceration. The Government concurs with this calculation.

    2. No Guideline Departure Is Warranted

No party has requested a departure and no basis exists for such an application. Accordingly, no downward departure should be granted, and the advisory Guideline sentence determined should remain unchanged. If the Court is contemplating a departure "from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission," it must give the parties "reasonable notice." Fed. R. Crim. P. 32(h); see Izirarry v. United States, 553 U.S. 708, 713-14 (2008); United States v. Vampire Nation, 451 F.3d 189, 197-98 (3d Cir. 2006).

    3. No Variance is Warranted

Finally, in Step 3 this Court may "tailor the sentence in light of other statutory

concerns reflected in the sentencing factors of §3553(a)." <u>United States v. Merced</u>, 603 F.3d 203, 213 (3d Cir. 2010) (internal quotation marks omitted). The Court must give "rational and meaningful consideration of the factors enumerated in 18 U.S.C. §3553(a)" and make an "individualized assessment based on the facts presented." <u>United States v. Tomko</u>, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc) (internal quotation marks omitted).

Under §3553(a), "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. §3553(a). Those purposes are "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §3553(a)(2). In determining the sentence, this Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. §3553(a)(1), "the kinds of sentences available," §3553(a)(3), the Guidelines and Guideline range, §3553(a)(4), the Guidelines' policy statements, §3553(a)(5), "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," §3553(a)(6), and "the need to provide

United States v. Santana, Crim. No. 2017/28
Government's Sentencing Memorandum
Page 6

restitution to any victims of the offense," §3553(a)(7). Under the circumstances here there is no justification for a variance.

The offense of conviction involves no specific identifiable victim nor injuries. Nevertheless, Defendant committed a **serious offense**. The **nature and circumstances** show that Defendant, along with two co-defendants, transported some 909 kilograms of cocaine at sea. Their conduct serves to perpetuate the territorial and national epidemic of drug trafficking and its related violence. This Court's sentence must be such as to reflect the seriousness of Defendant's conduct, **promote respect for the law** and adequately punish him. Only a substantial sentence of incarceration will serve such a purpose and **deter others** from committing similar acts. Such a sentence will also serve to **protect the public** by precluding Defendant from committing similar acts while incarcerated. Further, there is no cause for this Court to conclude that a within guideline sentence would cause any unwarranted sentence disparity among defendants with similar records that were found guilty of similar conduct.

## CONCLUSION

For the foregoing reasons, the Government recommends the imposition of a sentence at the low end of the applicable Guideline range.

DATED: January 12, 2018                     GRETCHEN C. F. SHAPPERT
                                            United States Attorney

/s/ Alphonso G. Andrews, Jr.

BY: Alphonso G. Andrews, Jr.
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 12th day of January 2018 I electronically filed the foregoing Government's Sentencing Memorandum with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to the defense counsel on record, that is, Gabriel Villegas, 1803 Kongens Gade, St. Thomas, Virgin Islands 00802.

/s/ Alphonso G. Andrews, Jr.
_____
Alphonso G. Andrews, Jr
Assistant U.S. Attorney
U.S. Attorney's Office
1108 King Street, Suite 201
Christiansted, USVI 00820
Telephone: 340-773-3920
Fax: 340-773-1407